UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASBESTOS WORKERS LOCAL 47
RETIREMENT TRUST FUND, et al.,

    Plaintiffs,

v

LINDA JO NIQUE and CLARENCE
NIQUE, doing business as MID-WEST
INSULATION,

    Defendants.
_____/

Case No. 1:08-cv-68

HON. JANET T. NEFF

## **ORDER**

Pending before the Court is defendants' pro se Motion for Installment Payments (Dkt 45) and defendant Clarence Nique's pro se Objection to Garnishment (Dkt 54). Plaintiffs have filed replies to both pending matters. The Court has considered defendants' motion and objection in light of the documentation submitted and concludes that both the motion and the objection are properly denied on the record before the Court.

In Docket 45, defendants state that they received a garnishment release through bankruptcy court, and since they are no longer in bankruptcy as of April 29, 2009, they would like to file a motion for installment payments. Plaintiffs respond that defendants have shown no justification for installment payments and that this request is premature; the Court agrees.

Defendants' one-sentence request for installment payments, and the attached documentation of monthly personal expenses and check stubs of company proceeds, do not show a basis for

installment payments. Plaintiffs obtained a default judgment against defendants in the amount of $26,644.80[1] for unremitted fringe benefit contributions by union members. Defendants have stated no reason that plaintiffs should not be entitled to proceed with collection on the judgment in the ususal course. On the present record, defendants' request for installment payments is denied. This denial does not prohibit defendants from filing a future request provided they can show specific justification and documentation for their request to the Court.

In Docket 54, defendant Clarence Nique objects to a writ of garnishment issued to Mid State Plumbing and Heating, Inc. (Dkt 51). Mr. Nique states that defendants believe that plaintiffs prematurely applied for garnishment, that defendants have attempted to make payment arrangements with plaintiffs, and that the monies owed to Mid State Plumbing and Heating are jointly owed to a supplier of insulation pursuant to a written agreement.

In their Reply (Dkt 56) to the Objection to Garnishment, plaintiffs acknowledge the written agreement with Acme Insulation, Inc., and indicate their intention to cooperate with garnishee defendant Mid-State Plumbing and Heating to facilitate full payment to the supplier Acme. Thus, defendants' general objection to the garnishment appears to be resolved. As to the parties' dispute concerning specific monies owed, plaintiffs indicate that Acme has provided an account summary stating the amount due and owing to Acme, which presumably will dictate the amounts of proceeds that are subject to garnishment.[2]

---

[1] The judgment included costs of $469.45.

[2] Although plaintiffs reference this account summary as "Exhibit 5" of their Reply (¶ 9), no such exhibit is attached to the Reply as filed.

Regarding Mr. Nique's claim that plaintiffs' garnishment action was premature in light of defendants' pending bankruptcy, the record does not support this contention. Plaintiffs provide documentation that the bankruptcy case was dismissed and the stay of proceedings was terminated on May 7, 2009 (Pls. Reply Ex. 1). The docket in this case shows that plaintiffs did not undertake the present garnishment action until mid- to late- June 2009.

Mr. Nique states that defendants have tried to make payment arrangements with plaintiffs. Having resolved the instant concerns, the Court anticipates that the parties can now proceed with the resolution of this matter.

Plaintiffs' request for attorney fees and costs with respect to this motion and objection is denied. However, should the Court find that future filings by defendants contain misrepresentations or are without justification, the reimbursement of unnecessary fees and costs incurred by plaintiffs will be considered by the Court.

**THEREFORE, IT IS ORDERED** that defendants' Motion for Installment Payments (Dkt 45) is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that defendant Clarence Nique's pro se Objection to Garnishment (Dkt 54) is DENIED.

**IT IS FURTHER ORDERED** that plaintiffs' request for attorney fees and costs is DENIED.

Date: January 28, 2010          /s/Janet T. Neff
                                JANET T. NEFF
                                United States District Judge